HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>RAMON HERNANDEZ GOMEZ,<br><br>　　　　　　　Defendant. | Case No. CR10-5373RBL<br><br>ORDER |

THIS MATTER comes on before the above-entitled Court upon Defendant Ramon Hernandez Gomez' Motion to Disclose Identity of Confidential Informants [Dkt. #259]. Having considered the entirety of the records and file herein, the Court finds and rules as follows:

The defendant, Ramon Hernandez Gomez, was arrested in Thurston County in June, 2008, for drug violations. Shortly thereafter he was transferred from state custody to ICE custody and deported to Mexico[1]. He was subsequently charged by the Thurston County Prosecutors Office for several violations of state drug laws. The state investigation that led to the defendant's arrest and charges involved the use of a confidential source (CS) to conduct controlled buys from the defendant.

In March, 2009, the government sought and obtained authorization to wiretap the defendant's phone. The information from the 2008 state investigation including the use of a CS was part of the application to help establish probable cause for the wiretap. The defendant seeks disclosure of the CS

---

[1] It is unclear when the defendant re-entered the United States.

used in 2008 "if the Government intends to introduce evidence of these direct sales at trial."

Under *Rovario v. United States*, 353 U.S. 53, 60-61 (1957), disclosure of a confidential source is required only where it would be relevant and helpful to the defense or essential to a fair trial. This Court, in weighing the defendant's right to confront the witnesses against him and the government's interests in protecting the informant's identity, must balance three factors: (1) the degree to which the informant was involved in the criminal activity; (2) how helpful the informant's testimony would be to the defendant; and (3) the government's interest in non-disclosure. *United States v. Gil*, 58 F.3d 1414, 1421 (9th Cir.) (internal quotations and citations omitted), *cert. denied*, 516 U.S. 969 (1995). The defendant bears the burden of proof to demonstrate the need for disclosure. *United States v. Williams*, 898 F.2d 1400, 1402 (9th Cir. 1990).

The government developed a substantial amount of evidence against this defendant from the wiretap. The government therefore does intend to offer evidence of the sales to the CS in their case-in-chief. In light of the government's intent not to use this evidence, the defendant's need for the identity of the CS is slight because it does not appear that the disclosure would be "helpful to the defense" or "essential to a fair determination of a cause." *Rovario*, 353 U.S. at 60-61.

Defendant's Motion to Disclose Identity of Confidential Informants [Dkt. #259] is **DENIED.**

**IT IS SO ORDERED.**

The Clerk shall send uncertified copies of this order to all counsel of record, and to any party appearing pro se.

Dated this 8th day of November, 2010.

RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE